# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MURDER ACCOUNTABILITY PROJECT** ) <br> (a Virginia non-profit organization) ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **U.S. DEPARTMENT OF JUSTICE** ) <br> 950 Pennsylvania Avenue, NW ) <br> Washington, DC 20530 ) <br> ) <br> **FEDERAL BUREAU OF INVESTIGATION** ) <br> 935 Pennsylvania Avenue, NW ) <br> Washington, DC 20535 ) <br> ) <br> **U.S. DEPARTMENT OF THE INTERIOR** ) <br> 1849 C Street, NW ) <br> Washington, DC 20240 ) <br> ) <br> **NATIONAL PARK SERVICE** ) <br> 1849 C Street, NW ) <br> Washington, DC 20240 ) <br> ) <br> **BUREAU OF INDIAN AFFAIRS** ) <br> 1849 C Street, NW ) <br> Washington, DC 20240 ) <br> ) <br>       Defendants. ) <br> ) | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT

  Plaintiff Murder Accountability Project ("MAP"), a nonprofit organization incorporated in the Commonwealth of Virginia, by its undersigned attorneys, alleges as follows:

### Introduction

  1.  MAP brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., to enjoin the United States Federal Bureau of Investigation ("FBI"), a component

of the United States Department of Justice ("DOJ"), the National Park Service ("NPS") and Bureau of Indian Affairs ("BIA"), components of the Department of the Interior ("DOI"), from continuing to improperly withhold agency records that are responsive to FOIA requests made by MAP.  MAP seeks crime data on murders, homicides and/or manslaughters that these federal law enforcement agencies should have in their possession as having primary jurisdiction and/or being lead investigative agencies for the crimes.  The agencies are also anticipated to have the records sought because the Uniform Federal Crime Reporting Act of 1988 (34 U.S.C. § 41303) which became effective on January 1, 1989, requires all federal law enforcement agencies to report crime data, including homicides, to the Justice Department, which presupposes existence of the requested records.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

3. Plaintiff MAP is a nonprofit organization incorporated in the Commonwealth of Virginia on June 16, 2015, and recognized by the Internal Revenue Service as a tax exempt 501(c)(3) corporation on August 7, 2015.  MAP's Articles of Incorporation further it to employ "Freedom of Information Act requests and lawsuits, when necessary, to obtain information about homicides[.]"  Murder Accountability Project Articles of Incorporation approved May 31, 2015.  Through FOIA requests, MAP seeks to fulfill its goal of serving "as a leadership organization to educate Americans on the importance of accurately accounting for unsolved homicides in the

United States" and "to obtain information from federal, state and local governments about unsolved homicides and to publish such information." *Id.* In this way, MAP plays a vital role in providing information to citizens about "what their government is up to." *See DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).

4. MAP has also developed a computer algorithm that can identify previously unrecognized serial homicides using homicide data MAP obtains. As one example of MAP's work, the Chicago Police Department and the FBI have formed a task group currently reviewing 51 unsolved strangulations of women identified by MAP's algorithm. A 2017 profile of MAP's work was featured in *The New Yorker*. See *The Serial-Killer Detector: A former journalist, equipped with an algorithm and the largest collection of murder records in the country, finds patters in crime*. https://www.newyorker.com/magazine/2017/11/27/the-serial-killer-detector.

5. Defendant Federal Bureau of Investigation is a component of Defendant U.S. Department of Justice, itself a component of the Executive Branch of the United States Government. Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f).

6. Defendant U.S. Department of the Interior and its sub-agencies, Defendant National Park Service and Defendant Bureau of Indian Affairs are each an "agency" within the meaning of 5 U.S.C. § 552(f).

**Statutory and Regulatory Background**

7. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

8. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

**Factual Background**

9. On August 18, 2020, MAP filed a FOIA request with the FBI seeking records in its possession or control relating to murders, homicides and/or manslaughters. More specifically, the FBI FOIA request had two parts:

- First, MAP sought all records the FBI maintains "in any electronic format, that contain details about any murders, homicides and/or manslaughters for which [the FBI] had primary jurisdiction or was lead investigative agency, from January 1, 1989, until the date of production of records." The request specified preferred formats of records and provided instructions for delivery/receipt, asked that the FBI's query include (but not be limited to) its "Sentinel records-management system and any similar database" it maintains, and indicated the non-personally identifiable demographic data fields that MAP anticipated the records to include and that it wished to receive, while also pre-consenting to redaction of any names, social security numbers, alien registration numbers, or dates of birth (but not age) from the produced records.

- Second, MAP requested, if any non-personally identifiable demographic information it sought were missing from the produced electronic records, that the FBI produce any *other* records (electronic or otherwise) that contain the missing data; it also asked as to such records that, if removal of names, social security numbers, etc., from produced records impeded matching records sought by the first request with corresponding records sought by the second request, the FBI use unique (non-personally identifying) identifiers, rather than bare redactions, to indicate which records relate to the same murders, homicides and/or manslaughters.

MAP also requested, if any records or information responsive to the requests were withheld, that the FBI produce all non-exempt reasonably segregable portions of the responsive records, and a detailed statement of the statutory basis and reasons for each withholding, including the FOIA exemption relied upon and an index or similar statement of the nature of any materials withheld. MAP further sought waiver of all fees for the request under 5 U.S.C. § 552(a)(4)(A)(ii)-(iii) and made the necessary showing to establish its entitlement to the fee waiver. A copy of MAP's FOIA request to the FBI is attached as "Exhibit A" to this Complaint.

10. Also on August 18, 2020, MAP sent substantially identical FOIA requests to BIA and NPS, except that for BIA MAP requested that any query for responsive records include (but

not be limited to) the "crime records-management system and any similar database … maintained by" BIA, and for NPS, that the query include (but not be limited to) the "Incident Management Analysis and Reporting System (IMARS)." Copies of MAP's FOIA requests to BIA and NPS are attached as "Exhibit B" and "Exhibit C" to this Complaint, respectively.

11. As of the filing date of this Complaint, BIA and NPS have not responded in any way to MAP's FOIA requests.

12. By letter of September 18, 2020, the FBI purported to close – that is, deny – MAP's FOIA request for assertedly "not comply[ing] with the requirements of 28 C.F.R. § 16.3(b) as it does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort,'" and on the asserted ground that MAP had made a "compound request [that] is overly broad in scope and [that] seeks information in vague and undefined terms." The letter did not specify in what way(s), specifically, MAP's FOIA request did not provide sufficient detail, how it was overly broad, or what was "vague" about it. The letter did additionally state, however, that "FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried information." A copy of the FBI's denial letter is attached as "Exhibit D" to this Complaint.

13. As a result of the FBI's closure of MAP's FOIA request, it does not appear the FBI even attempted to conduct a search for responsive records, or made any query whatsoever of the Sentinel database (or any other FBI database).

14. On September 25, 2020, MAP administratively appealed the FBI's denial of MAP's FOIA request, and on September 26, 2020, followed up by mailing the appeal in an envelope clearly and conspicuously labeled as such, pursuant to the FBI's rules. MAP's administrative appeal explained that, "'a proper FOIA request … simply must … reasonably describe such records' as the requester seeks, and follow procedures specified in the agency's rules"

under, *e.g.. Property of People v. DOJ*, 310 F. Supp. 3d 57, 66 (D.D.C. 2018), and, noting there was no suggestion by the FBI that MAP failed to follow proper procedures, went on to explain how the FOIA request reasonably described the FBI records MAP seeks. MAP explained that the request's subject matter was clear, why it was apparent under statutory law that the FBI would have the requested records, and how the detail fields sought and the database identified as a first place to search lent meaning and direction to the request. MAP also pointed out that the FBI's own rules instructed requesters to provide precisely such details, and could not be used as a basis for claiming a request is overbroad, vague or undefined. MAP also explained the second part of the FOIA request, and how it relates to the first part, and noted that the FBI itself did not comply with the requirement in its rule to "'inform the requester what additional information is needed' to process the request" rather than simply denying it and closing the file. A copy of MAP's administrative appeal to the FBI is attached as "Exhibit E" to this Complaint.

15. Receipt of MAP's FOIA appeal to the FBI was confirmed on September 30, 2020. A copy of the confirmation of delivery is attached as "Exhibit F" to this Complaint.

16. Nevertheless, by letter of October 8, 2020, the FBI confirmed receipt of MAP's administrative appeal, claiming it was received October 2, 2020. A copy of the FBI's appeal confirmation letter is attached as "Exhibit G" to this Complaint.

17. As of the filing date of this Complaint, the FBI has not substantively responded to MAP's administrative appeal.

18. MAP has not received any records in response to its FOIA requests to the FBI, BIA or NPS, even though the statutory deadlines specified in 5 U.S.C. § 552 all have passed.

19. MAP has exhausted applicable administrative remedies with respect to its requests for agency records maintained by the Defendants.

## PLAINTIFFS' CLAIM FOR RELIEF

### COUNT I
### (Failure to Produce Documents)

20. Plaintiff repeats and re-alleges paragraphs 1- 19.

21. MAP properly asked that the FBI, DOJ, DOI, NPS, and BIA produce electronic records maintained by the agencies that contain details about any murders, homicides and/or manslaughters for which each agency had primary jurisdiction or was lead investigative agency from January 1, 1989, through the present.

22. Defendants FBI, DOJ, DOI, NPS, and BIA either explicitly or constructively denied MAP's requests in full and failed to produce any responsive documents or data.

23. MAP has a statutory right to the agency records requested of the FBI, DOJ, DOI, NPS, and BIA under the FOIA, and there is no legal basis for Defendants to withhold the records.

24. As a result of the actions complained of herein, MAP was denied access to records which it was entitled to receive in violation of the FOIA.

25. MAP therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order that Defendants FBI, DOJ, DOI, NPS, and BIA immediately and fully process MAP's FOIA requests and disclose all non-exempt documents immediately to MAP;

(2) Issue a declaration that MAP is entitled to immediate processing and disclosure of the requested records in the formats specified by the FOIA requests;

(3) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(4) Award Plaintiff their costs and reasonable attorneys' fees in this action; and

(5) Grant such other relief as the Court may deem just and proper.

Dated:  November 4, 2020

Respectfully submitted,

*/s/ Ronald London*

Ronald G. London (D.C. Bar #456284)
ronnielondon@dwt.com
Courtney T. DeThomas (D.C. Bar #888304075)
courtneydethomas@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
202-973-4200

Thomas R. Burke (*pro hac vice* pending)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
415-276-6500

*Counsel for Plaintiff*
MURDER ACCOUNTABILITY PROJECT